```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK
        ----------------------------:

GIDEON RAPAPORT,                    : Docket No.: 24-cv-05942

                  Plaintiff,        : Docket No.: 25-cv-7294

        v.                          :

ABIGAIL FINKELMAN,                  : New York, New York

                                    : September 10, 2025

                  Defendant.        :

        ----------------------------:

                      PROCEEDINGS BEFORE
              THE HONORABLE JESSICA G. L. CLARKE
                 UNITED STATES DISTRICT JUDGE

APPEARANCES:

For Plaintiff:      GIDEON RAPAPORT, PRO SE
                    BY:  1078 Summit Avenue, Suite 627
                    Jersey City, New Jersey 07307



For Defendant:      LAW OFFICE OF MAX RODRIGUEZ, PLLC
                    BY:  MAX E. RODRIGUEZ, ESQ.
                    575 5th Avenue, 14th Floor
                    New York, New York 10017

Transcription Service: Marissa Lewandowski
                       Phone:  (631) 813-9335
                       E-mail:marissamignano@gmail.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

THE COURT:  Good afternoon.  We are here for a conference in Rapaport vs. Finkelman, case numbers 24-cv-5942 and 25-cv-7294.

Mr. Rapaport, I see that you are on.

MR. RAPAPORT:  Yes, Your Honor, I am. Thank you.

THE COURT:  Good afternoon.  And who do we have on for the defendant?

MR. RODRIGUEZ:  Good afternoon, Your Honor. Max Rodriguez from the Law Office of Max Rodriguez for Defendant Abigail Finkelman.

THE COURT:  Good afternoon to you as well. So, as you can see, this conference is being conducted and recorded on Microsoft Teams.  Court proceedings are public proceedings, and therefore there's a listen-only telephone line, which is noticed on the docket, that is open to the public and press.  If you are a member of the public or press, please mute your mic and keep it on mute.

And just for Mr. Rapaport and Mr. Rodriguez, we will not hear beeps when people join, so just please presume that this conference is open to the public for people to join if they wish. My law clerk and courtroom deputy are also present. And as a reminder, pursuant to Local Civil Rule 1.8,

no one other than court officials are permitted to record this proceeding, rebroadcast, or disseminate it.

All right. With that out of the way, we are here with respect to Defendant's motion for a temporary restraining order and/or a preliminary injunction, seeking a filing injunction against Mr. Rapaport, which was filed at docket number 59.

And just to review where we are, I granted Ms. Finkelman's motion to dismiss the 2023 lawsuit, concluding that plaintiff's claims for false light, invasion of privacy, and defamation all fail. I denied as moot defendant's motion for sanctions and directed the parties to re-brief that issue in light of the decision, and that any briefing on such a motion will now begin in October.

Plaintiff has now filed a separate declaratory judgment action against Ms. Finkelman seeking a declaration that he is not liable to her for fees, costs, or other damages under Civil Rights Law 70-a for bringing the 2023 lawsuit. That 2025 lawsuit is now also before me as well.

So I'm going to hear briefly from the parties. And Mr. Rodriguez, I'll start with you.

MR. RODRIGUEZ: Thank you, Your Honor.

Just as a procedural matter, before I begin, I wanted to note two things. I understand that the hearing is being heard with respect to both actions. To clarify, Ms. Finkelman has -- no summons has been issued, is my understanding, and for that reason she has not been served. To the extent we are treating it as a combined hearing under both dockets, I just note that Ms. Finkelman does not waive service, nor does she waive any defenses with respect to jurisdiction or any other preliminary matters that would occur, you know, through the initiating service process on that docket. In addition to that, I just note my objection to plaintiff's letter seeking leave to file a surreply, which was filed early this morning on the 2024 docket.

THE COURT: Yes, and I saw that. I have not had a chance to review it.

I'm not sure, Mr. Rapaport, that that is helpful here in light of the motion that we have before us, but, Mr. Rodriguez, you can continue.

MR. RODRIGUEZ: Thank you, Your Honor. So, as you noted, on August 29th, you issued your decision granting the motion to dismiss all of Mr. Rappaport's claims against Ms. Finkelman for

failure to state a claim and did so with prejudice. The basis for that covered multiple grounds that precluded those purported claims being -- those purport- -- those statements that gave rise to the purported claims being actionable. And in order to clarify and ensure the appropriate procedures were followed after that order was issued, as you know, I wrote a letter to the Court the same day, merely seeking clarification with respect to the directed timeline in order to ensure that we were following the necessary safe-harbor procedures of Rule 11. And, in addition, that I noted, following the procedures in the *Bobulinski* decision by another judge in this district, that we intended to file a motion for attorneys' fees under Civil Rights Law 70-a(1)(a), as well as an alternate remedy with respect to the recovery of attorneys' fees. It is not double dipping, as Mr. Rapaport claims, because obviously the defendant is entitled to pursue two different procedural mechanisms within her rights to seek recovery of the same remedy.

By no coincidence at all, immediately after that letter, plaintiff moved forward to file a new action seeking declaratory relief. Not with respect to the -- not with respect to any of the particulars

of the procedure in federal court for Section 70-a, as he claims, but instead to seek a declaratory judgment that he is not liable at all under 70-a. I don't wish to belabor the Court's time with the particulars for why that's wrong, unless there are any questions, which I'm happy to answer. It's all well covered in the memorandum of law --

THE COURT: Let me just ask you this. Are you planning to bring -- you're only seeking fees and costs under 70-a, correct?

MR. RODRIGUEZ: That is correct.

THE COURT: And you're not planning to seek damages, even though the statute allows -- there are provisions with respect to compensatory damages and punitive damages, you are not seeking that relief in this action or planning to seek it in another action at this point, correct?

MR. RODRIGUEZ: That is correct.

THE COURT: All right. All right. Why don't you continue? But I think to the extent there was some dispute about that, I could see the basis for a declaratory judgment action if that were the case. So was there any, at any point, any indication from you, Mr. Rodriguez, that you were planning to pursue anything beyond fees and costs in

this action?

MR. RODRIGUEZ:  The only time that was ever raised, Your Honor, was in my original Rule 11 safe-harbor letter, which was sent to the defendant in September -- the plaintiff, I apologize -- in September 2024, that notified him that because his claims were, as I will explain at length, similarly to how I already have in the forthcoming sanctions motion, that those claims were frivolous and accordingly had no substantial basis under Civil Rights Law 70-a, that he had potential liability with respect to each of the subdivisions of 70-a.

That was almost a year ago.  It has never been raised again.  The only thing that has been raised since is 70-a(1)(a) in my August 29th letter. And attorneys' fees and costs, in addition to other sanctions that I believe are warranted in this case under Rule 11.

So I guess we can address the surreply to the extent it's relevant to this issue, because now Mr. Rapaport is claiming that any time I say that Ms. Finkelman reserves all rights and remedies that is newly threatening him.  That is boiler-plate language to make clear that depending on the

circumstances of how this case proceeds, that Ms. Finkelman is not going to make a final decision on that matter.

And as you noted in asking the question to me, Your Honor, at this time, that is not the plan. Obviously, if Mr. Rapaport continues to demonstrate that he has no intention of pursuing this in a reasonable fashion, that, of course, could change.

THE COURT: Understood. This seems like an issue -- and I'll hear from Mr. Rapaport in a moment. But this does seem like an issue that could be worked out by stipulation. In other words, that -- that you all -- that Mr. Rodriguez, you are pursuing fees and costs under Rule 11 and 70-a and not intending to pursue any of the other relief that that's available under 70-a, and that Mr. Rapaport likewise is not intending to continue to pursue Ms. Finkelman beyond what is occurring in the 2023 case.

Is there any objection -- well, I will hear from Mr. Rapaport in a moment, but what are your thoughts with respect to that, Mr. Rodriguez?

MR. RODRIGUEZ: I'm happy to confer with Mr. Rapaport. Mr. Rapaport has been extremely difficult to confer with, Your Honor. He very

rarely responds to my emails on any procedural matters in the 2024 case. And frankly, he could have done that after my letter on August 29th if that was actually genuinely his concern. There's a bit of a trust issue there with his representations, given the conduct in this case, as I'm sure you can understand my position on that matter.

And I think the last thing I just want to clarify is that I don't want it to be lost that I don't -- I think the plain reading of his declaratory judgment action seeks relief that is substantially broader than the 70-a(1)(b) and 70-a(1)(c) issue. He is seeking declaratory relief that he is not liable at all under 70-a. And that doesn't have anything to do specifically with compensatory damages or punitive damages. It also doesn't even have anything to do with the issue of where and how 70-a applies in federal court, because as I explained, the merits of the case law make clear that this is an action concerning public petition and participation. And even if there were some arguable hypothetical basis upon which this did not apply in federal court, Ms. Finkelman would still have the right to pursue that claim in New York Supreme Court.

So I just want to make it extremely clear that the relief that Mr. Rapaport himself is seeking has no merit whatsoever.

THE COURT: Understood. All right, Mr. Rapaport, I'll hear from you.

MR. RAPAPORT: Yes, Your Honor. Thank you.

I would agree possibly to such a stipulation. I don't see that there's any trust issue. I've just received a lot of threats from the other side. They've also tried to paint me as a vexatious litigant. Their evidence for that, as I noted in my surreply -- I know you mentioned you didn't have a chance to look at it -- is that I made three filings in the other action. Maybe that sounds like a lot, but those filings were just a consent electronic filing, a request to make my own electronic filings, and the standard summons form. I don't see how that throws a wrench in the works of the Court at all, because those are very standard forms and are part of any action.

So far, Mr. Rodriguez has stated that Defendant Finkelman, that she doesn't seek those things at this time. But he also mentioned that he did threaten it at least once. The boilerplate language that he mentioned reserves all rights and

remedies with respect to you or me is exactly that. It's meant to preserve any possible claims in the future, as he stated. So I do see that as repeating the issue.

70-a(2) also provides that claims under that section must be specifically waived, and so if there's a stipulation where B and C claims are specifically waived, I really wouldn't mind dealing with the A claims for attorney's fees through the part of this action.

The only reason why I also mentioned A and the totality of Section 70-a in the declaratory judgment action is that many courts in this district and also other districts applying Section 70-a have found that it doesn't apply in federal court. And in my surreply, there's actually a list collected by Judge Preska, who herself decided that it doesn't apply, of other examples.

So I know about *Bobulinski v. Tarkov*. That's one example where the Court did decide that it could apply. There are also some where it hasn't. There's also a question whether it can be brought by a motion or by a counterclaim, because the other cases I've looked at where it has applied, the defendant asserted the counterclaim through some

kind of an answer or alongside a motion to dismiss. Here that hasn't happened. And so in a way, all the merits have been decided, and so now the only avenue in this action to this docket, is the motion.

And so if there would be a stipulation, I certainly wouldn't mind the carve-out or actually getting rid of the declaratory action for B and C. But just to carve out.

There would still be one issue remaining. As Mr. Rodriguez mentioned, Finkelman might try to pursue these claims in state court, and so, in a way, that would kind of evade the review of this Court. I would have to make sure that that stipulation or the supervision of the Court would also apply to that.

There's also some background things as to the vexatiousness and the irreparable harm to me. It's really an extreme step to prevent somebody from filing anything in any action regarding someone, and I really haven't made that many filings in either action, just really to oppose sanctions and to oppose the dismissal.

Of course, we can disagree about the merits of the case, and I know that's already been decided, but really to say that my claims are sanctionable

and frivolous from the beginning is something that I've already opposed, and I maintain that some of these things are very close calls.

For example, the false-light invasion of privacy. Of course, it can be a difficult issue to decide, but in *Catalanello v. Kramer*, a similar New Jersey plaintiff was permitted to bring, as a matter of choice of law, such claims under New Jersey state law. And actually, the starting point for such analysis is that the plaintiff's domicile, which for me is New Jersey, is what counts, and of course the analysis can substitute New York later or a different state. But I did start at the reasonable starting point in asserting New Jersey, and other plaintiffs have been successful in that, as well as the Second Circuit citing in *Kinsey v. the New York Times* at footnote 21, that *Catalanello* was actually a good example of how to do New York choice of law.

THE COURT: Thank you, Mr. Rapaport.

All right. It sounds like there's a possibility for some stipulation or resolution here. And let me just clarify with Mr. Rodriguez. Your reference to state court, it sounds like you are going to pursue attorney's fees and costs under Section 70-a as part of your sanctions motion here,

and how that issue, you know -- how I resolve that issue would be sort of the last word on that, correct?

MR. RODRIGUEZ: Yes, Your Honor.

THE COURT: Setting aside appeal.

MR. RODRIGUEZ: My reference to state court was to make clear that to the extent the Court were to consider the issue and decide not to follow the procedure in *Bobulinski*, and also separately did not grant a remedy of attorney's fees and costs under Rule 11, that I don't think there's any disagreement that an action, a claim for those fees and costs, could separately be pursued in New York Supreme Court if the fees and costs remedy were not granted in any capacity in the 2024 action before Your Honor.

So that was not a reference to any desire to file a separate supplementary action. It's merely to point out that the declaratory relief has no basis because there is that alternate claim mechanism by which Ms. Finkelman could recover the same thing under Section 70-a, and none of the points that Mr. Rapaport has raised would be responsive to that mechanism, which is why the declaratory relief he's seeking is invalid.

I think there are a couple more points I would like to raise, if it's okay.

THE COURT: You may.

MR. RODRIGUEZ: Mr. Rapaport made a reference to three filings. He referenced procedural filings, presumably on the 2025 docket. As explained in my letter at ECF No. 63, those are not the filings I was referring to. I was instead referring to the filings that he made in this action, including a letter where he stated his intention to file a motion under Rule 59 and Rule 60. As I noted, rehashing previously elucidated arguments in opposition to a motion to dismiss is not a basis for relief under Rule 59 and Rule 60, and Mr. Rapaport just said that's exactly what he's going to do. So if we're talking about vexatious, duplicative, and unnecessary proceedings, that is an example right there.

In addition to that, after filing the declaratory action, and while also seeking post-order and/or post-judgment -- even though there is no judgment yet in this case -- relief, as he said he intends to do, he also filed a notice of appeal at the same time.

I think, fundamentally, all of that, for

the reasons I've already articulated in my papers, given the past conduct in this case, warrants the relief at issue. I think principally my concern with the stipulation here is that Mr. Rapaport seems to think it's extremely narrow. If we're going to stipulate, I don't want him to file any other actions concerning Ms. Finkelman. And he can proceed how he wishes in this action, but I don't wish to see any other actions concerning Ms. Finkelman going forward.

THE COURT: Mr. Rapaport, do you have any intention of filing any other action against Ms. Finkelman at this time?

MR. RAPAPORT: No, Your Honor. Just the declaratory actions.

THE COURT: All right. And I would assume there would be nothing further. These are two people -- you know, Mr. Rapaport and Ms. Finkelman, you all don't know each other outside of what happened in this case, correct?

MR. RAPAPORT: Right. Absolutely. I don't know anything -- Ms. Finkelman, in any other way other than just the defamatory -- the (indiscernible) defamatory.

THE COURT: Understood. All right, here's

what I'd like for you all to do.  I'd like for you all to spend some time seeing if you can work out a stipulation here.  It seems very possible.  You know, something along the lines of the issues that we've talked about, with the issue of 70-a and fees being resolved in this case, that Mr. Rodriguez is not intending to bring any further action against Mr. Rapaport under 70-a, and that Mr. Rapaport is likewise not bringing any further actions against Ms. Finkelman.

In the meantime, I would expect not to see any other filings from you all, particularly in the 2025 case.  There's nothing, as Mr. Rodriguez mentioned initially.  It hasn't been served yet. Likely any issue with respect to it could be resolved in this case.  So I don't expect to see any filings in that 2025 case.  And in this case, we have the issue of sanctions, the stipulation that I'm hoping that you all can work out.  But that's what I expect to see.

So why don't you all confer over the next week and submit a letter to me within one week updating me on whether you all were able to reach a resolution on a stipulation?

All right.  While you all are discussing

18

that, I think you all should also consider whether it's feasible here to reach a resolution on the attorneys' fees sanctions issue, whether under Rule 11 or 70-a altogether. You all should consider, and I would encourage you to think about, whether it's worth your time to go before the magistrate judge and have a settlement conference and see if this is an issue that can be resolved without motion practice. So I would encourage you all, as you're thinking about a stipulation here, to see whether that would be a good use of your time, because I think it might be.

You know, it sounds like from Mr. Rodriguez that you all have had some difficulty communicating, but, you know, to the extent you're able to reach out -- reach a stipulation, and get some momentum towards resolving some differences here, and if a third-party neutral would be helpful in doing that, I really encourage you all to consider that. And we have Judge Moses assigned as the magistrate judge to this case. So if you all are interested in appearing before her for a settlement conference, just include that in your letter as well.

All right. Mr. Rodriguez, anything further for us to discuss now?

MR. RODRIGUEZ: No. Thank you, Your Honor.

I think the only thing I wish to note is just to confirm that you're going to reserve and hold the motion open while the potential stipulation is negotiated. To the extent it is not negotiated, then we will notify you, and then we would expect a ruling accordingly. I just wanted to confirm that was our posture.

THE COURT: That's correct.

Mr. Rapaport, anything further from you?

MR. RAPAPORT: Yes, Your Honor. That all sounds fine. I just wanted to clarify that I also have some federal-issue objections to the applicability of 70-a because this action occurred in federal court. And I would just hope that I would have an opportunity to deal with the merits of the 70-a action, even if it's brought by a motion as a part of this federal action.

THE COURT: Understood. And to the extent you know, these are issues you all should discuss as you're thinking about a stipulation here. I don't think -- you know, I understand Mr. Rodriguez's point on the applicability of 70-a here and Judge Oetken's decision in that regard. I understand, Mr. Rapaport, that you have other case

law that you would cite to as to the applicability of 70-a at this juncture in the 2024 case. I think that is perfectly suitable for you all to include in your briefs. But you all should, you know, make that clear so that there's no -- you all both understand what is going to happen in each case and see if you're able to reach a resolution. And on issues like that that would be briefed before me, obviously, I would be the one to decide. But agreeing where that issue would be heard is what I'm envisioning.

All right. Anything further, Mr. Rapaport?

MR. RAPAPORT: Thank you, Your Honor.

THE COURT: All right. Thank you. We're adjourned.

C E R T I F I C A T E

I, Marissa Lewandowski, certify that the foregoing transcript of proceedings in the case of Rapaport v. Finkelman, Docket #1:24-cv-05942-JGLC, was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature  *Marissa Lewandowski*
_____

Marissa Lewandowski

Date:      September 18, 2025